1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| ROBIN SMITH,  ) | Case No. EDCV 09-1703 JC |
| Plaintiff,  ) | |
| )  ) | MEMORANDUM OPINION |
| v.  ) | |
| )  ) | |
| MICHAEL J. ASTRUE,  )  Commissioner of Social  )  Security,  ) | |
| )  Defendant.  ) | |
| _____ | |

18

19 **I.    SUMMARY**

20         On September 16, 2009, plaintiff Robin Smith ("plaintiff") filed a

21 Complaint seeking review of the Commissioner of Social Security's denial of

22 plaintiff's application for benefits.  The parties have consented to proceed before a

23 United States Magistrate Judge.

24         This matter is before the Court on the parties' cross motions for summary

25 judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

26 Court has taken both motions under submission without oral argument.  See Fed.

27 R. Civ. P. 78; L.R. 7-15; September 22, 2009 Case Management Order ¶ 5.

28 ///

1   Based on the record as a whole and the applicable law, the decision of the

2   Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3   ("ALJ") are supported by substantial evidence and are free from material error.[1]

4   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5   **DECISION**

6   On January 20, 2005, plaintiff filed an application for Supplemental

7   Security Income benefits.[2]  (Administrative Record ("AR") 524-26).  Plaintiff

8   asserted that she became disabled on February 1, 1995, due to diabetes, arthritis,

9   and depression.  (AR 161).  On March 21, 2007, the ALJ conducted a hearing

10  ("Pre-Remand Hearing") and heard testimony from plaintiff, who was represented

11  by counsel.  (AR 409-18).  On April 6, 2007, the ALJ found that plaintiff was not

12  disabled ("Pre-Remand Decision") (AR 12-17), and the Appeals Council denied

13  review.  (AR 5-7).  On July 7, 2008, this Court remanded the case for further

14  proceedings ("Remand Order").  (AR 481-92).

15  Following the remand, the ALJ conducted a hearing on February 26, 2009

16  ("Post-Remand Hearing"), at which he heard testimony from plaintiff, who was

17  represented by counsel, and a vocational expert.  (AR 430-45).  On May 11, 2009,

18  the ALJ determined that plaintiff was not disabled through the date of the decision

19  ("Post-Remand Decision").  (AR 422-29).  Specifically, the ALJ found:

20  (1) plaintiff suffered from the severe impairments of "insulin-dependent diabetes

21  mellitus and a history of deep vein thrombosis with continued use of Coumadin"

22  (AR 424); (2) plaintiff's impairments, considered singly or in combination, did not

23

24      [1]The harmless error rule applies to the review of administrative decisions regarding

25  disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196
    (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social

26  Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
    application of harmless error standard in social security cases).

27

28      [2]The Appeals Council determined that plaintiff's subsequently filed application dated
    August 29, 2007, was duplicative in light of the remand order, and ordered the ALJ to associate
    his Post-Remand Decision with this later-filed application.  (AR 422, 504-05).

meet or medically equal one of the listed impairments (AR 426); (3) plaintiff retained the residual functional capacity to perform medium work with certain restrictions[3] (AR 426); and (4) plaintiff was capable of performing her past relevant work.  (AR 428).  The Appeals Council did not review the ALJ's decision, and the Post-Remand Decision became the final decision of the Commissioner.  See 20 C.F.R. § 416.1484(d).

## III.    APPLICABLE LEGAL STANDARDS

### A.    Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

---

[3]The ALJ determined that plaintiff "can frequently walk on uneven terrain, climb ladders, work at heights, bend, kneel, stoop, crawl, crouch, reach, handle, finger, feel and push/pull.  She should avoid working with heavy, moving machinery."  (AR 426).

Part 404, Subpart P, Appendix 1?  If so, the claimant is
disabled.  If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to
perform her past relevant work?  If so, the claimant is not
disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
considered with the claimant's age, education, and work
experience, allow her to adjust to other work that exists in
significant numbers in the national economy?  If so, the
claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden
of proof at steps one through four, and the Commissioner has the burden of proof
at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001)
(citing Tackett, 180 F.3d at 1097); see also Burch, 400 F.3d at 679 (claimant
carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must
"'consider the record as a whole, weighing both evidence that supports and

4

1   evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
2   <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
3   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
4   or reversing the ALJ's conclusion, a court may not substitute its judgment for that
5   of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6   **IV.   DISCUSSION**

7   **A.   The ALJ Did Not Err by Failing to Discuss Evidence Identified in**
8   **the Court's Remand Order.**

9   Plaintiff places great emphasis on the ALJ's failure to address specifically
10  three pieces of evidence identified in the Court's Remand Order:  (1) a January 2,
11  2003 treating physician's opinion (Plaintiff's Motion at 3-4); (2) a May 18, 1999
12  state agency physician's opinion (Plaintiff's Motion at 5); and (3) an October 4,
13  1999 lay witness statement of plaintiff's son (Plaintiff's Motion at 5-6).  Plaintiff
14  urges that the ALJ failed to comply with the Court's Remand Order by not
15  discussing this evidence.  (Plaintiff's Motion at 4-6).  However, consideration of
16  this evidence was not the basis for the Court's Remand Order.  Instead, the Court
17  noted that it was an issue "the ALJ may wish to consider on remand."  (Remand
18  Order at 11 n.9).  The ALJ's failure to explicitly consider this evidence therefore
19  does not violate the Court's Remand Order.

20  The evidence in dispute dates from May 1999 to January 2003.  Plaintiff
21  previously applied for Supplemental Security Income benefits in 1998, 1999, and
22  2003.  These applications were all denied at the administrative level and plaintiff
23  did not seek judicial review.  (AR 157-58; <u>see</u> Defendant's Motion at 3 n.3).  As
24  the Court previously noted, a prior determination that a claimant is not disabled
25  creates a presumption of continuing nondisability with respect to any subsequent
26  unadjudicated period of alleged disability.  <u>Taylor v. Heckler</u>, 765 F.2d 872, 875
27  (9th Cir. 1985).  The claimant can overcome this presumption by proving
28  "changed circumstances" indicating a greater disability.  <u>Chavez v. Bowen</u>, 844

5

1  F.2d 691, 693 (9th Cir. 1988).  In this case, the ALJ did "not incorporate[] the

2  prior decisions and has instead declined, at least in part, to give such prior

3  decisions preclusive effect as to the current period in issue."  As a result, the Court

4  questioned whether the ALJ was obligated to consider the evidence at issue.

5  (Remand Order at 11 n.9).  Neither party has addressed this issue directly.  The

6  Court therefore applies general principles to evaluate the ALJ's handling of the

7  evidence identified in the Court's Remand Order.[4]

8          An ALJ is not required to discuss every piece of evidence in the record.  See

9  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations

10 omitted).  An ALJ must provide an explanation only when he rejects "significant

11 probative evidence."  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.

12 1984) (citation omitted).  Here, the evidence in dispute precedes by two to five

13 years the period for which plaintiff could be eligible for benefits.  Because

14 Supplemental Security Income payments are not retroactive, the relevant time

15 period for plaintiff's current application begins on plaintiff's filing date of January

16 20, 2005.  See 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.501.  Despite the interval

17 between the disputed evidence and the current filing date, plaintiff has not

18 articulated how any of the evidence at issue is significant or probative of her

19 current ability to perform substantial gainful activity.  (See Plaintiff's Motion at 3-

20 6).  The ALJ therefore was not required to discuss this evidence.  See Burkhart v.

21 Bowen, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (ALJ correctly rejected evidence

22 predating the relevant time period).  Nonetheless, the Court has analyzed each

23 piece of evidence and determined that even if the ALJ erred by failing to address

24 this evidence, any such error was harmless.

25 ///

26 _____

27          [4]The ALJ did not discuss this evidence in his Post-Remand Decision despite the Court's
   invitation for him to "so state" if he "did in fact consider the evidence in issue but determined it
28 had little or no probative value because it did not address plaintiff's condition during the pertinent
   time period."  (Remand Order at 11 n.9).

### 1.    Treating Physician's Opinion

Plaintiff faults the ALJ for failing to discuss a letter by Dr. Edwin Pasuhuk dated January 2, 2003.  (Plaintiff's Motion at 3-4).  The letter reads, in its entirety, as follows:

> This 43 y/o female patient keeps medical records at this
> clinic since March 1999.  Her diagnoses include:
> Diabetes Mellitus, Dyslipidemia, and recurrent UTI.
> This patient's Diabetes has been slowly deteriorating.
> She is now becoming insulin dependent.  Prognosis for
> this patient is guarded at this time.

(AR 187).  The ALJ's failure to discuss this brief letter is utterly inconsequential. The letter describes none of plaintiff's functional abilities and discusses no supporting evidence for any of its conclusions.  Moreover, the ALJ determined that plaintiff has the severe impairment of "insulin-dependent diabetes mellitus" (AR 424), even though Dr. Pasuhuk wrote that plaintiff was merely "becoming insulin dependent" in 1999.  This underscores that the ALJ's Post-Remand Decision accounted for plaintiff's current health rather than her condition years before she filed her application.  The ALJ's error in failing to discuss Dr. Pasuhuk's letter, "if any indeed existed, was inconsequential to the ultimate nondisability determination" and therefore harmless.  See Stout, 454 F.3d at 1044.

### 2.    State Agency Physician's Opinion

Plaintiff next argues that the ALJ erred by failing to discuss a State agency physician's physical residual functional capacity assessment dated May 18, 1999. (Plaintiff's Motion at 5).  Among other things, the State agency physician opined that plaintiff had not established any exertional or manipulative limitations; plaintiff should avoid hazards such as dangerous machinery and heights; plaintiff could balance only occasionally; and plaintiff had limited depth perception.  (AR 317-24).  The State agency physician also noted that plaintiff had "credibility

1   issues" and concluded that the medical evidence of record "fails to support her
2   claim of disability to the extent that she portrays." (AR 323). Even if the ALJ
3   fully credited the State agency physician's 1999 opinion it would not compel the
4   conclusion that plaintiff is disabled. Any error in failing to discuss this opinion
5   was therefore harmless.

6   **3.     Lay Witness Statement**

7           Plaintiff contends that the ALJ's failure to discuss a third party Daily
8   Activities Questionnaire form completed by her son, Kenneth Newson, on October
9   24, 1999, constitutes reversible error. (Plaintiff's Motion at 5-6). Among other
10  things, Mr. Newson wrote that plaintiff spends a typical day doing "nothing"; she
11  cannot sleep at night; she has difficulty with breathing and standing too long; she
12  does not cook; she has no difficulties getting along with family, friends, co-
13  workers, or others; she "forget[s] how to spell words and gets children's names
14  mixed up"; and she is unable to finish "when she tries to help with chores." (AR
15  119-24). Mr. Newson's statements are consistent with plaintiff's own allegations
16  about her subjective limitations. (Compare AR 119-24 with AR 161, 413-15, 436-
17  37, 439-41). Because the ALJ rejected plaintiff's credibility (AR 426-27) – a
18  finding that plaintiff does not challenge – "it follows that the ALJ also gave
19  germane reasons" for rejecting Mr. Newson's statements. See Valentine v.
20  Commissioner, Social Security Administration, 574 F.3d 685, 694 (9th Cir. 2009).
21  Any error in failing to discuss Mr. Newson's 1999 statements was harmless.

22  **B.    The ALJ Did Not Err by Failing to Discuss Psychiatric Evidence**
23          **from 1999.**

24          Plaintiff argues that the ALJ erred by failing properly to consider the 1999
25  opinion of a consultative psychiatric examiner, Dr. Diane DeSilva (AR 590-93),
26  and the 1999 mental residual functional capacity assessment of a State agency
27  physician, Dr. H. N. Hurwitz (AR 339-41). (Plaintiff's Motion at 6-9). This
28  evidence predates plaintiff's current application by more than five years. As with

1   the evidence identified in the Court's Remand Order and discussed above, plaintiff

2   has not demonstrated that this psychiatric evidence is significant or probative of

3   her current ability to perform substantial gainful activity.  (See Plaintiff's Motion

4   at 6-9).  The ALJ therefore was not required to discuss this evidence.  See

5   Burkhart, 856 F.2d at 1340 n.1.

6          Moreover, substantial evidence supports the ALJ's conclusion that plaintiff

7   lacks a severe mental impairment or any mental functional limitations.  The ALJ

8   ordered two consultative psychiatric examinations since plaintiff filed her present

9   application, one in April 2005 (AR 346-52) and the other in December 2008 (AR

10  590-93).  The ALJ discussed these examinations in detail and concluded that

11  plaintiff does not have a severe mental impairment.  (AR 425).  In addition, as

12  noted above, plaintiff did not challenge the ALJ's rejection of the credibility of her

13  complaints, including her psychiatric complaints.  The ALJ found that "[t]here is

14  absolutely no longitudinal history of psychiatric/psychological care or counseling

15  and no use of psychotropic medications"; there is "no credibly established

16  inability to engage in the superficial contact required by the majority of work

17  places or in the ability to handle the normal stresses associated in unskilled work";

18  and "[t]here is no documented withdrawal behavior, lack of concentration,

19  persistence or pace and certainly none shown in the mental status examinations of

20  the two psychiatric consultative examiners."  (AR 425 (citing Exhibits B13F,

21  B295 [AR 346-52, 590-93]); see AR 426-27 (ALJ rejected plaintiff's complaints

22  of "depression, poor memory and concentration, being nervous around people, and

23  fatigue")).  In light of the more recent evidence supporting the ALJ's conclusion

24  that plaintiff lacks a severe mental impairment or mental functional limitations,

25  any error in failing to discuss psychiatric evidence from 1999 was harmless.

26  ///

27  ///

28  ///

9

1
2
3

### C.   The ALJ Did Not Err by Failing to Discuss a State Agency Physician's 2005 Mental Residual Functional Capacity Assessment.

4   Plaintiff also contends that the ALJ erred by "ignor[ing] without
5   explanation" a State agency physician's mental residual functional capacity
6   assessment dated April 26, 2005 (AR 367-69).  (Plaintiff's Motion at 9-10).
7   Plaintiff's argument lacks merit.  As discussed above, substantial evidence
8   supports the ALJ's assessment of the examining psychiatrists' opinions, and
9   plaintiff did not challenge the ALJ's decision to reject the credibility of her mental
10  complaints.  Moreover, the State agency physician wrote that he "agree[d] with
11  [the] ALJ's [Pre-Remand D]ecision."  (AR 369).  The ALJ's Pre-Remand Decision
12  (dated twenty days before the physician's assessment) concluded that plaintiff did
13  not have a severe mental impairment or any mental functional limitations.  (AR
14  14-16).  Therefore, even if the ALJ fully credited the physician's assessment, it
15  would not have affected his conclusion that plaintiff was not disabled.  Any error
16  in failing to discuss this assessment was therefore harmless.

17   ### D.   The ALJ Posed a Complete Hypothetical Question to the Vocational Expert.
18

19  Plaintiff contends that the ALJ failed to pose a complete hypothetical to the
20  vocational expert.  (Plaintiff's Motion at 8-9).  This argument fails because it is
21  entirely derivative of plaintiff's arguments, rejected above, that the ALJ erred by
22  failing to consider the 1999 opinions of a State agency physician and a
23  consultative psychiatric examiner.  (See id.; See supra Parts IV.A.2, IV.B).
24  "Hypothetical questions posed to the vocational expert must set out *all* the
25  limitations and restrictions of the particular claimant," Embrey v. Bowen, 849 F.2d
26  418, 422 (9th Cir. 1988) (emphasis in original; citation omitted), but they need not
27  include limitations not supported by substantial evidence in the record.  Osenbrock
28  v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001).

10

1       As discussed above, the ALJ did not err by failing to discuss or accept the

2  1999 opinions of a State agency physician or of Dr. DeSilva.  The ALJ was not

3  required to include in his hypothetical question to the vocational expert limitations

4  that were not part of the ALJ's findings. The ALJ's hypothetical properly included

5  "all of the limitations that the ALJ found credible and supported by substantial

6  evidence in the record." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

7  Accordingly, a remand or reversal is not warranted on this basis.

8       E.    Substantial Evidence Supports the ALJ's Decision that Plaintiff Is

9             Capable of Performing Her Past Relevant Work.

10       Finally, plaintiff argues that the ALJ erred in determining that plaintiff is

11  capable of performing her past relevant work as a teacher's aide, hostess/greeter,

12  or child care provider. (Plaintiff's Motion at 10-11).  The Court disagrees.

13       To determine whether a claimant can perform her past relevant work, the

14  ALJ must ascertain the demands of the claimant's former work and then compare

15  the demands with her present functional capacity. Villa v. Heckler, 797 F.2d 794,

16  797-98 (9th Cir. 1986).  Here, plaintiff essentially argues that the ALJ erred in

17  determining her residual functional capacity because he "fail[ed] to consider the

18  significant moderate mental limitations and the . . . restriction to performing two

19  step commands involving simple instruction as opined by the State agency

20  physicians" whose opinions the ALJ disregarded. (Plaintiff's Motion at 10 (citing

21  AR 339, 367-69)).  As the Court has concluded that the ALJ did not err by failing

22  to discuss or adopt these opinions (see supra Parts IV.B, IV.C), the ALJ therefore

23  was not required to include in plaintiff's residual functional capacity the

24  limitations found by these physicians. See Stubbs-Danielson v. Astrue, 539 F.3d

25  1169, 1175-76 (9th Cir. 2008).  The ALJ properly relied on his determination of

26  plaintiff's residual functional capacity, the vocational expert's testimony, and the

27  Dictionary of Occupational Titles in making his step four determination.  (AR

28  428-29).  A reversal or remand on this basis is not warranted.

1   **V.    CONCLUSION**

2          For the foregoing reasons, the decision of the Commissioner of Social

3   Security is affirmed.

4          LET JUDGMENT BE ENTERED ACCORDINGLY.

5   DATED:  September 22, 2010

6                                              _____/s/_____

7                                              Honorable Jacqueline Chooljian
                                               UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28